IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01793-BNB

MARK COBBS,

Applicant,

v.

RON WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Mark Cobbs, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp at Florence, Colorado. Mr. Cobbs initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting brief. In an order filed on August 28, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies. On September 17, 2008, Respondent filed a preliminary response to the habeas corpus application. Mr. Cobbs has not filed a reply to the preliminary response.

The Court must construe liberally the documents filed by Mr. Cobbs in this action because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action dismissed.

Mr. Cobbs currently is serving two, concurrent, 27-month sentences for bank larceny and aiding and abetting and for bank theft. His projected release date is May 12, 2010, via good-conduct-time release. He contends that pursuant to *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007), he is entitled to consideration for transfer to a residential reentry center based upon the factors set forth in 18 U.S.C. § 3621(b). Respondents contend that Applicant communicated his request for transfer to a residential reentry center through three informal inmate requests to staff dated July 14, 18, and 23, 2008. He maintains that prison staff advised him in writing on July 24, 2008, that he would be placed in a residential reentry center for the last four months of his sentence, if at the time he was in good standing in the Financial Responsibility Program. On August 22, 2008, he initiated the instant action. He concedes that he has not exhausted his administrative remedies. He contends that exhaustion is futile.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Cobbs. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. *See* 28 U.S.C. § 542.14(a). The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. *See* 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. *See* 28 C.F.R. § 542.17(a).

As previously stated, Mr. Cobbs concedes that he did not exhaust administrative remedies prior to filing the instant action. He argues that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion would be futile. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Mr. Cobbs' speculation that exhaustion would be futile does not excuse the required exhaustion process. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). Therefore, he fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that the motion to withdraw as attorney filed on October 14, 2008, by Hayley E. Reynolds because Paul Farley entered his appearance on October 14 on behalf of Respondent is granted.

DATED at Denver, Colorado, this 29 day of Oct , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01793-BNB

Mark Cobbs
Reg. No. 35346-013
FPC-Florence
P.O. Box 5000
Florence, Colorado 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/29/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk